UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PRIME INSURANCE SYNDICATE, INC.,

    Plaintiff/Counterdefendant,

v.

ELIZABETH CONCEPCION, d/b/a The Oak Leaf,

    Defendant/Counterclaimant.

Case No. 2:06-CV-00884-KJD-LRL

**ORDER**

    Presently before the Court is Plaintiff's Motion for Summary Judgment (#22). Defendant filed a response in opposition (#27) to which Plaintiff replied (#29). Plaintiff also filed a Request to File Supplement and Supplement to Plaintiff's Reply (#51). Though the time for filing an opposition to Plaintiff's request has passed, Defendant has failed to file a response. Therefore, in accordance with Local Rule 7-2(d) and good cause being found, the Court grants Plaintiff's Request to File a Supplement.

I.  Facts

    On or about January 24, 2004, Plaintiff Prime Insurance Syndicate, Inc. ("Prime") issued a policy of insurance ("the Policy") to Defendant Elizabeth Concepcion, d/b/a The Oak Leaf, for the period of January 2, 2004 to January 2, 2005. The Policy had a retroactive date of January 2, 2004.

The Policy was a claims made policy as opposed to a more common occurrence liability policy. The Policy contained the following provision: "This policy...differs significantly from the liability coverage offered by other insurance companies. It is written on a claims made basis." The Policy defined a claim as "a written demand seeking damages from the Insured and alleging wrongful acts covered by this Policy arising from services related to Nursing Home Care."

Pursuant to the terms of the Policy, coverage was provided only for claims first made against the insured during the policy period and resulting from wrongful acts committed during the policy period. The Policy also contained a condition precedent that written notice be provided to Prime by mail of a potential claim within seventy-two hours of becoming aware of any act, error, or omission expected to be the basis of a claim.

On December 7, 2004, Defendant's insurance agent sent her a "Certificate of Liability Insurance" which checked the box next to the "OCCUR" description of coverage rather than the "CLAIMS MADE" box. The agent testified at his deposition that this was his error. The Certificate also contained the following disclaimers:

> This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below.
>
> The policies of insurance listed below have been issued to the insured named above for the policy period indicated, notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies, aggregate limits shown may have been reduced by paid claims.

On January 15, 2004, an incident occurred in which a patient, Diane Baker, was alleged to have fallen out of bed. Though an in-house incident report was prepared by employees of The Oak Leaf, no written notice was provided to Prime of the potential claim. When the policy expired on January 2, 2005, Defendant had not reported any claim under the Policy. On January 16, 2006, Diane Baker filed suit in state court against Elizabeth Concepcion alleging acts of negligence and

fraud in relation to the January 15, 2004 incident.  On May 17, 2006, the complaint was forwarded to Plaintiff Prime and was the first notice Defendant gave to Plaintiff of the subject claim.

Determining that no coverage existed under the Policy, because no claim was made during the policy period, Plaintiff refused to defend and indemnify Defendant.  Plaintiff filed the present complaint for declaratory relief on July 19, 2006 and Defendant filed counterclaims for breach of contract and breach of the covenant of good faith and fair dealing resulting from Prime's denial of coverage.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere

speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III.  Analysis

Plaintiff has moved for summary judgment seeking a declaration that Defendant is not entitled to defense or coverage under the Policy for the wrongful act which forms the basis for the underlying claim against Defendant. In response, Defendant argues only that a genuine issue of fact as to the nature of the policy is raised by the Certificate of Insurance which describes the Policy as an "occurrence" policy rather than a claims made policy.

The insured, Defendant, bears the burden of proving that the alleged loss falls within the terms of the various provisions of the contract under which she seeks coverage. See Lucini-Parish Ins., Inc., 836 P.2d 627, 629 (Nev. 1992). In determining the meaning of an insurance policy, the terms should be understood in their plain, ordinary and popular sense. See Nat'l Union Fire Ins. Co. of State of Pa., Inc. v. Reno's Executive Air, Inc., 682 P.2d 1380, 1382 (Nev. 1984); Home Indem. Co. v. Desert Palace, Inc., 468 P.2d 19, 21 (Nev. 1970). In particular, an insurer wishing to restrict the coverage of a policy should employ language which clearly and distinctly communicates to the insured the nature of the limitation. See Harvey's Wagon Wheel v. MacSween, 606 P.2d 1095, 1098 (Nev. 1980).

In this case, the actual policy clearly and distinctly communicates to the insured that it is a claims made policy, that it differs from more traditional liability policies based on occurrence, and

that a condition precedent to coverage requires a written demand during the policy period for actions that occurred during the policy period. Since the undisputed facts show that no claim was made during the policy period, Defendant now asserts that the Certificate of Insurance raises an issue of fact as to the true terms of the Policy.

The effect of the Certificate of Liability Insurance is an issue of law for the Court to determine. See Mont. Ref. Co. v. Nat'l Union Fire Ins. Co., 918 F. Supp. 1395, 1397 (D. Nev. 1996)(citing Grand Hotel Gift Shop v. Granite State Ins. Co., 839 P.2d 599, 602 (Nev. 1992)). When, as in this case, the certificate contains a disclaimer, the insured may not rely on the certificate, but must look to the policy to determine the scope of coverage. See Empire Fire & Marine Ins. Co. v. Bell, 55 Cal. App.4th 1410, 1423 n.25 (1997) ("[a] certificate of insurance is merely evidence that a policy has been issued. It is not a contract between the insurer and the certificate holder"); T.H.E. Ins. Co. v. City of Alton, 227 F.3d 802, 805-806 (7th Cir. 2000)(holding that a certificate of insurance that includes a disclaimer of coverage cannot vary, alter, amend or expand the terms of the insurance policy referred to in the certificate).

In Taylor v. Kinsella, 742 F.2d 709 (2d Cir. 1984), a certificate of insurance was issued that contradicted the coverage provisions of the underlying policy. The certificate contained a disclaimer identical to the one in the present action. The Second Circuit concluded that the certificate did not provide coverage, but simply provided notice that a policy of insurance had been issued. See id. at 711. Further, the court noted that "where a certificate or endorsement states that it is subject to the terms and conditions of the policy, the language of the policy controls. This rule accords with the widely recognized principle that the intent to incorporate additional papers into an insurance policy must be plainly manifest." Id. at 711-12.

The Tenth Circuit also reached the same conclusion in Mountain Fuel Supply v. Reliance Ins. Co., 933 F.2d 882 (10th Cir. 1981). Resolving a dispute over policy terms between an insurer and an insured with a certificate that contained the disclaimer, the Court found that "[a]bsent a plain

5

manifestation of intent to incorporate a certificate or endorsement into an insurance policy, the policy will remain in force as originally written.  The majority view is that where a certificate of insurance, such as the ACORD certificate [like the ACORD certificate in this case], expressly indicates it is not to alter the coverage of the underlying policy, the requisite intent is not shown and the certificate will not effect a change in the policy."  Id. at 889.  Thus, the Certificate at issue in this case clearly indicates that it was issued as a matter of information only and confers no rights upon the Certificate holder.  Thus, the Certificate by itself is insufficient to amend or alter the terms of the Policy.

This finding is strengthened by the fact that the Certificate was issued by Defendant's agent, rather than by Plaintiff, or Plaintiff's agent.  See Grand Hotel Gift Shop v. Granite State Ins. Co., 839 P.2d 599, 603 (Nev. 1992)(finding that an independent insurance broker is an agent of the insured); Washington Int'l Ins. Co. v. Mellone, 773 F. Supp. 189, 192 (C.D. Cal. 1990).  Even if the agent is acting in a "dual agency capacity" he is still the agent for the insured.  Grand Hotel, 839 P.2d at 603.  Therefore, even if the terms of the Certificate acted to alter the Policy, the agent's actions could not bind Plaintiff in this case.

Therefore, no issue of material fact exists that prevents the Court from granting summary judgment for Plaintiff.  The plain terms of the Policy required a claim to be made during the policy period.  Since it is undisputed that the underlying claim was not made during the policy period, no coverage for indemnity or defense was required by the terms of the Policy.  Furthermore, since Counterclaimant's claims rely on the existence of a duty to defend and indemnify under the Policy, Counterclaimant's claims must be dismissed.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Request to File Supplement (#51) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (#22) is **GRANTED**;

1    IT IS FURTHER ORDERED that Defendant's Counterclaims are **DISMISSED with**
2 **prejudice**.
3    DATED this 6TH day of March 2008.

```
                              _____
                              Kent J. Dawson
                              United States District Judge
```